[No. 31269. July 3, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES LEE JORDAN, *Appellant*.[1]

*Allan Pomeroy* and *Richard D. Harris*, for appellant.

*Charles O. Carroll* and *David C. Dobson*, for respondent.

PER CURIAM.—Appellant was charged, tried, and convicted of selling a narcotic drug. Thereafter, a motion for new trial was made and denied, and on November 15, 1949, a judgment on the verdict was entered. December 13, 1949, appellant filed in the superior court his petition for vacation of the judgment or for a new trial. This petition was based upon an affidavit signed by Roscoe Simmons in which it was stated that he, Simmons, committed the crime for which appellant had been convicted. After the court listened to evidence upon the petition, an order was entered denying it.

The statement of facts in the main case was filed April 26, 1950, which was more than ninety days after the judgment had been entered against appellant.

In each of the appeals—that is, the appeal from the main case and the appeal from the order denying petition to vacate the judgment, the appellant has attempted to secure a review of his trials by bringing to this court statements of facts in abbreviated forms. This procedure is provided for by Rule of Supreme Court 9 (2), 18 Wn. (2d) 10-a, and reads as follows:

[1]Reported in 219 P. (2d) 979.

"On any appeal or other proceeding for review, in any criminal cause, or in any civil cause whether cognizable at law or in equity, so much of the evidence as bears upon the question or questions sought to be reviewed may be brought before this court by a statement of facts or bill of exceptions, without bringing up the evidence bearing on rulings on which no error is assigned. If the appellant does not include in his statement of facts or bill of exceptions the complete record and all the proceedings and evidence in the cause, he shall serve and file with such proposed bill of exceptions or statement of facts a concise statement of the points on which he intends to rely on the appeal."

The record discloses that appellant did not comply with the rule in that he neglected to serve and file a concise statement of the points upon which he intended to rely. The state has moved to dismiss the appeal upon the ground that the requirement of the rule relative to serving and filing a concise statement of the points upon which appellant intends to rely is jurisdictional and that therefore this court has no jurisdiction to entertain the appeal.

This court has on numerous occasions held that the rule relative to the serving and filing of the statement of points and the filing of a statement of facts within ninety days after the entry of the judgment is jurisdictional.

We therefore grant the motion and dismiss the appeals.

See *In re Anderson's Estate*, 33 Wn. (2d) 224, 205 P. (2d) 343.